UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANGIE L. TALLEY-JONES,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Civ. No. 19-19657 (KM)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

    The plaintiff, Angela Talley-Jones, seeks review pursuant to 42 U.S.C. § 405(g) of a final decision by the Commissioner of Social Security ("Commissioner") denying her application for Social Security disability benefits. For the reasons stated below, the Commissioner's decision is **AFFIRMED**.

## I. BACKGROUND[1]

### Procedural History

    Ms. Talley-Jones applied for disability insurance benefits on November 24, 2015, alleging disability which began on June 12, 2011. (R. 492–98.) Her claims were denied at the initial and reconsideration levels of administrative review, so at Ms. Talley-Jones' request ALJ Ricardy Damille convened a hearing. (R. 383–407.) In a written decision on August 1, 2018, ALJ Damille found Ms. Talley-Jones not disabled from July 12, 2011 through December 31,

---

[1]     Citations to the record are abbreviated as follows:

    "DE _" = Docket entry in this case

    "R. _" = Administrative Record (DE 11) (the cited page numbers correspond to the number found in the bottom right corner of the page for all DE 11 attachments)

        "Pl. Br." = Ms. Talley-Jones's Brief (DE 17)

        "Gov. Br." = Commissioner's Brief (DE 18)

2012. (R. 369–77.) The Appeals Council denied Ms. Talley-Jones's request for a review, and this appeal followed. (R. 1–5.)

## II. DECISION FOR REVIEW

### A. The Five-Step Process and this Court's Standard of Review

The Social Security Administration uses a five-step evaluation process for determining whether a claimant is entitled to benefits. 20 C.F.R. §§ 404.1520, 416.920. In the first step, the Commissioner determines whether the claimant has engaged in substantial gainful activity since the onset date of the alleged disability. *Id.* §§ 404.1520(b), 416.920(b). If not, the Commissioner moves to step two to determine if the claimant's alleged impairment, or combination of impairments, is "severe." *Id.* §§ 404.1520(c), 416.920(c); *see also* 20 C.F.R. § 416.924(c). If the claimant has a severe impairment, the Commissioner inquires in step three as to whether the impairment meets or equals the criteria of any impairment found in the Listing of Impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1, Pt. A. In doing so, the Commissioner must consider the combined effect of all medically determinable impairments, even those that are not severe. 20 C.F.R. § 416.923, 416.924a(b)(4), 416.926a(a) and (c). If so, the claimant is automatically eligible to receive benefits (and the analysis ends); if not, the Commissioner moves on to step four. *Id.* §§ 404.1520(d), 416.920(d). In the fourth step, the Commissioner decides whether, despite any severe impairment, the claimant retains the Residual Functional Capacity ("RFC") to perform past relevant work. *Id.* §§ 404.1520(e)–(f), 416.920(e)–(f). The claimant bears the burden of proof at each of these first four steps. At step five, the burden shifts to the Social Security Administration to demonstrate that the claimant is capable of performing other jobs that exist in significant numbers in the national economy in light of the claimant's age, education, work experience, and RFC. 20 C.F.R. §§ 404.1520(g), 416.920(g); *see Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91–92 (3d Cir. 2007) (citations omitted).

For the purpose of this appeal, the Court's review of legal issues is plenary. *See Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir.

2

1999). Factual findings are reviewed "only to determine whether the administrative record contains substantial evidence supporting the findings." *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000). Substantial evidence is "less than a preponderance of the evidence but more than a mere scintilla." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004) (citation omitted). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* When substantial evidence exists to support the ALJ's factual findings, this Court must abide by the ALJ's determinations. *See id.* (citing 42 U.S.C. § 405(g)).

### B. The ALJ's Decision

The ALJ applied the five-step framework.

At step one, the ALJ found that Ms. Talley-Jones had not performed substantial gainful activity since her last-insured date of December 31, 2012. (R. 371.)

At step two, the ALJ found that Ms. Talley-Jones had the following severe impairments: degenerative disc disease of the cervical spine, left shoulder bursitis, left shoulder impingement syndrome, status-post arthroscopic surgery of the left shoulder, right wrist nerve damage, arthritis, blepharospasm, and diabetic retinopathy. (*Id.*) The ALJ concluded that though Ms. Talley-Jones had been diagnosed with tinnitus and hypertension, a history of closed head injury with cerebral concussion, and a history of coronary artery stent placement, those conditions did not impose more than minimal work-related limitations and thus were not severe. (*Id.*)

At step three, the ALJ found that Ms. Talley-Jones's impairments did not meet or medically equal the severity of any listed impairments. (R. 372–73.)

At step four, the ALJ concluded that Ms. Talley-Jones retained the residual capacity to perform sedentary work with occasional pushing/pulling with the upper extremities, occasional climbing ramps/stairs, no climbing ladders, ropes or scaffolds, occasional balancing, stooping, kneeling, crouching and crawling, occasional reaching overhead with the left upper extremity, and

with work requiring no more than frequent near acuity but occasional far acuity. (R. 373.)

At step five, the ALJ concluded that Ms. Talley-Jones was capable of performing her past relevant work as a coordinator because that position did not require the performance of work-related activities precluded by her residual functional capacity. (R. 377.)

## III. DISCUSSION

Ms. Talley-Jones requests that she be granted permanent disability benefits because she is unable to continue working. (DE 17 at 3.) She does not, however, identify any specific errors in the ALJ's decision.

### A. Whether the ALJ's Decision was Supported by Substantial Evidence

It is not my role on appeal to re-evaluate whether Ms. Talley-Jones is entitled to disability benefits. Instead, I am constrained to review the final decision of the Commissioner, which in this case is the decision of the ALJ, to assess whether it rests on the application of proper legal standards and whether it is supported by "substantial evidence." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005); 42 U.S.C. § 405(g) (the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive"). That threshold "is not high," and requires only that the decision be supported by "more than a mere scintilla" of evidence. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 1157 (2019). I do not "weigh the evidence or substitute [my] conclusions for those of the [ALJ] fact-finder." *Williams v. Sullivan*, 879 F.2d 1178, 1182 (3d Cir. 1992).

Ms. Talley-Jones here bears the burden of proving her disability within the meaning of the Act. She was required to prove that she was physically or mentally incapable of performing work which exists in the national economy. 42 U.S.C. § 423(d)(2)(A). She must show that the ALJ made an error, and that the ALJ's error was "harmful," *i.e.*, that the ALJ's mistake prevented her from proving her disability. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

Ms. Talley-Jones simply recites her impairments and requests that this Court grant her application for disability. (DE 17.) While she has attached to her brief—without any supporting explanation—numerous doctor's reports, (DE 17-1 through -7), she fails to explain how those reports rebut the ALJ's determinations. Additionally, much of that additional evidence was not before the ALJ and such evidence cannot be used to seek remand for lack of substantial evidence. *Matthews v. Apfel*, 239 F.3d 589, 591–93 (3d Cir. 2001). She has therefore failed to meet her burden under *Shinseki* and so I cannot grant her requested relief.

## B. Remand Based on New Evidence

Under sentence six of 42 U.S.C. § 405(g),

> The court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

Typically, my review is confined to the record that was before the ALJ. Pursuant to sentence six, where new evidence is brought to my attention, I can remand the case to the ALJ for consideration of that evidence. I may do so, however, only if that evidence is "new and material" and "supported by a demonstration by claimant of good cause for not having incorporated the new evidence into the administrative record." *Lisnichy v. Comm'r*, 599 Fed. Appx. 427, 429 (3d Cir. 2015) (quoting *Matthews v. Apfel*, 239 F.3d 589, 591 (3d Cir. 2001)).

New evidence is "material" only if it "relate[s] to the time period for which benefits were denied" and does not "concern 'the subsequent deterioration of the previously non-disabling condition.'"[2] *Id.* (quoting *Szubak v. Sec'y of Health & Human Servs.*, 745 F.2d 831, 833 (3d Cir. 1984)). Additionally, as explained

---

[2]   In other words, if the claimant became disabled after the ALJ rendered the decision, that does not imply that the decision was wrong.

5

in *Lisnichy*, it is the claimant's burden to show that good cause exists for the failure to submit the information to the ALJ previously. *Id.* Thus, a claim of new evidence is properly rejected if the plaintiff "never allege[s] or show[s] that th[e] criteria [of newness, materiality, and good cause] were satisfied." *Miller v. Comm'r*, 732 Fed. Appx. 162, 165 (3d Cir. 2018). And even if requisite showings of newness, materiality, and good cause are made, "there must be a reasonable probability that the new evidence would have changed the outcome of the Commissioner's decision." *Id.* (quoting *Beety-Monticelli v. Comm'r*, 343 Fed. Appx. 743, 747 (3d Cir. 2009)). Ms. Talley-Jones recounts her many ailments, but offers no indication why the evidence she brings forth now is "new" or "material," and she does not state good cause for her failure to bring it before the ALJ previously.

Much of the evidence Ms. Talley-Jones submits now dates from 2018 and later, at least six years after her period of insurance. (*See, e.g.*, DE 17-1 at 9–20; DE 17-3.) She gives no explanation as to why that evidence is material to this case.[3] Other evidence does date from the claimed period of disability, but does not appear to contain any information which was not already considered by the ALJ. (*See* DE 17-1 at 21–23 (treatment notes noting how Ms. Talley-Jones was injured and noting symptoms all acknowledged and discussed in ALJ decision).) The remainder of the evidence was already submitted to the ALJ. (DE 17-1 at 24–46.) For those reasons, I reject this evidence and deny a sentence six remand.

---

[3] Of course, evidence dating from after the claimed period of disability may in some cases be relevant to the claimant's condition during that period. Here, however, the evidence is also consistent with deterioration of her condition, which is not a basis for a new evidentiary hearing. *Lisnichy*, 599 Fed. Appx. at 429. Ms. Talley-Jones has the burden of proof here, *id.*, and she has not demonstrated that this evidence, dating from 2018 and later, bears on her condition from July 12, 2011 through December 31, 2012.

6

## IV. CONCLUSION

For the reasons set forth above, the Commissioner's decision is **AFFIRMED**. A separate order will issue.

Dated: March 16, 2021

/s/ Kevin McNulty

_____

**Hon. Kevin McNulty**
**United States District Judge**